UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HENRY L. NELSON                                  CIVIL ACTION NO. 12-cv-2276

VERSUS                                           JUDGE STAGG

LOUISIANA ATTORNEY DISCIPLINARY        MAGISTRATE JUDGE HORNSBY
BOARD, ET AL

**REPORT AND RECOMMENDATION**

Henry L. Nelson, Plaintiff, who is self-represented, filed this civil action against the Louisiana Attorney Disciplinary Board and the Office of Disciplinary Counsel. He alleges that he submitted a complaint to the Board in 2008 against attorneys Donald Wilson and David Touchstone, and he received correspondence from a Deputy Counsel that informed him he had 30 days to file a written appeal or dismiss. Plaintiff alleges that he then made written request for copies of the responses filed by the attorneys, but he never received the copies, which made it difficult for him to pursue an appeal. Plaintiff asks this court to order the defendants to release to him copies of the attorneys' responses filed in the investigation of his complaint. For the reasons that follow, the complaint should be dismissed.

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous or fail to state a claim on which relief may be granted. Even if a plaintiff is not proceeding IFP, "a district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The

procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the recommended dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Plaintiff alleges in paragraph three of his complaint that this court has jurisdiction over the action "because the plaintiff's claims arise under federal law, the Freedom of Information Act." That is the only statute or cause of action invoked by Plaintiff, and the only relief he requests is production of the attorneys' responses to his misconduct complaint.

The federal Freedom of Information Act, 5 U.S.C. § 552, applies only to information held by federal agencies. It does not apply to requests for information from the state or its agencies. Wright v. Curry, 122 Fed. Appx. 724, 725 (5th Cir. 2004); Dunleavy v. New Jersey, 251 Fed. Appx. 80, 83 (3d Cir. 2007); and Pennyfeather v. Tessler, 431 F.3d 54, 56 (2d Cir. 2005). See also Grand Cent. P'ship v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies.")

The federal courts have limited jurisdiction and may hear only those kinds of cases authorized by Congress and the Constitution. One kind of case the court may hear is when the plaintiff's claim arises under federal law. The only federal claim invoked by Plaintiff lacks merit because the statute does not apply to the state-government defendants Plaintiff has sued. Some courts might dismiss the case for lack of subject matter jurisdiction in these circumstances, but judicial economy is best promoted when the existence of a claimed federal

right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. <u>Williamson v. Tucker</u>, 645 F.2d 404, 415 (5th Cir. 1981).

The other kind of case that the court often hears is when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. It appears from the complaint that Plaintiff is a Louisiana citizen. If the state government defendants have citizenship for diversity purposes, it is certainly Louisiana citizenship. Accordingly, there is no basis to find that diversity jurisdiction is applicable, and there is no other apparent basis for the federal court to entertain Plaintiff's complaint.

Louisiana has its own public records statutes that might apply to the defendants. Plaintiff may wish to use those statutes in an effort to obtain the documents, but any enforcement action would need to be filed in the state courts. Plaintiff might also try the simpler method of making a renewed written request to the defendants for the documents at issue. It may be that his 2008 request was simply overlooked or that the response was lost in the mail. In any event, Plaintiff has not stated a cause of action under the federal Freedom of Information Act, and he has not demonstrated any other basis for the federal court to hear his complaint.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed with prejudice** for failure to state a claim under the federal Freedom of Information Act on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of September, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE